### BURDEN OF PROOF AS TO NEGLIGENCE OF RAILWAY.

Circuit Court of Cuyahoga County.

RICHARD PALMER, ADMINISTRATOR, v. THE ERIE RAILROAD CO.

Decided, June 18, 1909.

*Failure of Electric Gong to Work at Railway Crossing Raises no Presumption of Negligence.*

The mere fact that an electric gong at a railroad crossing fails to ring raises no presumption of negligence on the part of the railroad company.

*W. C. Ong,* for plaintiff in error.
*Cushing & Siddall,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

We know of no rule to warrant our holding that when an automatic gong at a grade crossing fails to work, the burden is upon the railroad company maintaining such gong to show that such failure was not due to its negligence. We know of no decision which, either squarely or by reasonable analogy, makes such failure *prima facie* evidence of the railroads' negligence. On the contrary there are many imaginable things which, without any fault on the part of the railroad company, might reasonably have interrupted the due operation of this electric gong. And the ordinary rule is that the burden is upon the plaintiff in negligence cases. No reason appears in this case to except it from the operation of that rule.

In this case also, the decedent manifestly did not look. He neither stopped nor turned his head. And if he listened, it was obviously for the customary sound of the gong and not for the noise of a train. If he had stopped and looked, or listened, at the point where looking and listening could have profited him, he must necessarily have seen and heard the train and been safe. If he relied upon the gong, which failed to ring, he was no more excusable than if he had omitted to take due precautions for his own safety in reliance upon the performance of the railroad's statu-

tory duty to sound the whistle and bell of its locomotive when approaching a highway crossing. Contributory negligence by the plaintiff in such cases is not neutralized or offset by similar conduct of the defendant.

The judgment is affirmed.